1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *
                                      )
9    ROBERT C. SEDLMAYR                )
                                       )
10              Plaintiff,             )          3:10-cv-0204-LRH-VPC
                                       )
11   v.                                )
                                       )          ORDER
12   MORTGAGE LENDERS NETWORK USA,     )
     INC.; et al.,                     )
13                                     )
                Defendants.            )
14   _____ )

15          Before the court is defendants Wells Fargo Bank, N.A. ("Wells Fargo"); MERSCORP, Inc.

16   ("MERSCORP"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively

17   "moving defendants") motion to dismiss the remanded claims (Doc. #37[1]) to which defendant

18   US Bank National Association ("US Bank"), as trustee for Residential Asset Securities

19   Corporation, joined (Doc. #43). Plaintiff Robert C. Sedlmayr filed an opposition (Doc. #41) to

20   which moving defendants replied (Doc. #42).

21          Also before the court are defendant US Bank's motion to dismiss (Doc. #11) and defendant

22   Placer Title Company, Inc.'s ("Placer Title") motion to dismiss (Doc. #16).

23   **I.      Facts and Procedural History**

24          In March 2006, Sedlmayr purchased real property through a loan issued by defendant

25   _____

26          [1] Refers to the court's docket number.

1   Mortgage Lenders Network USA, Inc. Sedlmayr defaulted on the loan and defendants initiated non-

2   judicial foreclosure proceedings on the property.

3          Subsequently, on October 13, 2009, Sedlmayr filed a complaint alleging thirteen separate

4   causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100;

5   (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful

6   foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair

7   dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering;

8   (12) unjust enrichment; and (13) fraud in the inducement. Doc. #1, Exhibit 2.

9          Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation

10  ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper

11  business practices when processing home loans. The panel assigned Judge James A. Teilborg to

12  oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except

13  for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

14         On June 3, 2010, the panel issued a transfer order and consolidated the present action with

15  the MDL litigation. Doc. #23. However, as part of the transfer order, the panel transferred only

16  those claims that "relate to the formation and/or operation of MERS" and held that all other claims

17  "unrelated to the formation and/or operation of the MERS system are separately and simultaneously

18  remanded" to the district court in which they were first brought. *Id*.

19         On March 21, 2011, Judge Teilborg issued an initial remand order. Doc. #34. Pursuant to

20  that order Judge Teilborg remanded: (1) claim 1 for violation of unfair lending practices,

21  NRS 598D.100; (2) claim 10 for civil conspiracy as it relates to other remanded claims; (3) claim

22  11 for racketeering activity in violation of Nevada law as it relates to other remanded claims; (4)

23  claim 12 for unjust enrichment; (5) claim 3 for injunctive relief as it relates to the remanded claims;

24  and (6) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thereafter, moving

25

26
                                                2

1   defendants filed the present motion to dismiss the remanded claims. Doc. #37.[2]

2   **II.    Legal Standard**

3       Moving defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for

4   failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure

5   to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice

6   pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir.

7   2008). That is, a complaint must contain "a short and plain statement of the claim showing that the

8   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not

9   require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

10  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

11  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

12      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

13  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

14  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

15  the court to draw the reasonable inference, based on the court's judicial experience and common

16  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

17  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

18  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

19  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

20  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

21      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

22  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

23

24          [2] Defendant US Bank and Placer Title's motions to dismiss were filed prior to the order of remand. *See*
25  Doc. ##11, 16. These motions address claims which are not before the court and contain arguments that are not
    applicable to the remanded claims in their present form. Therefore, the court shall deny these initial motions
26  to dismiss without prejudice.

3

1    the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

3    (internal quotation marks omitted). The court discounts these allegations because "they do nothing

4    more than state a legal conclusion—even if that conclusion is cast in the form of a factual

5    allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

6    dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

7    plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

8    **III.    Discussion**

9          **A.  Unfair Lending Practices, NRS 598D.100**

10         NRS 598D.100 prohibits lenders from making loans "without determining, using

11    commercially reasonable means or mechanisms, that the borrower has the ability to repay the home

12    loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the

13    statute was amended. Although Sedlmayr alleges that defendants violated the present version of the

14    statute, his loan originated in March 2006, prior to the current amendment. Therefore, Sedlmayr's

15    loan cannot have violated the current statutory language requiring a determination that a borrower

16    has the ability to repay the loan.

17         Moreover, Sedlmayr's unfair lending practices claim is barred by the applicable statute of

18    limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two

19    (2) years. *See* NRS § 11.190(3)(a). Sedlmayr purchased his property in March 2006, and did not file

20    the present action until 2010, over two years after the statute of limitations had expired.

21         Additionally, none of the moving defendants were involved in the origination of Sedlmayr's

22    loan. Thus, they could not have violated the statute by lending Sedlmayr money "without

23    determining, using commercially reasonable means or mechanisms, that the borrower has the

24    ability to repay the home loan." NRS 598D.100(1)(b). Accordingly, the court shall grant moving

25    defendants' motion to dismiss as to this claim.

26

4

1    **B.  Civil Conspiracy**

2        To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an

3    underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v.*

4    *Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular

5    specificity as to "the manner in which a defendant joined in the conspiracy and how he participated

6    in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

7        Here, Sedlmayr fails to plead a claim for civil conspiracy with the required specificity.

8    Sedlmayr never identifies how each individual defendant participated or joined the conspiracy.

9    Further, Sedlmayr does not clearly identify the underlying tort that defendants committed. Sedlmayr

10   merely alleges that his loan was one of many executed in violation of Nevada laws. Therefore, the

11   court finds that Sedlmayr has failed to sufficiently plead a claim for civil conspiracy with the

12   requisite specificity.

13   **C.  Racketeering**

14       In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead

15   with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must

16   allege at least two predicate crimes related to racketeering in order to sufficiently plead a

17   racketeering claim upon which relief can be granted. *Id*.

18       Here, Sedlmayr merely alleges that his loan was one of many executed in violation of

19   Nevada laws. From the complaint, it is unclear what these violations were and, more importantly,

20   what the two requisite "crimes" were. Therefore, the court finds that Sedlmayr has failed to

21   sufficiently plead a claim for civil racketeering upon which relief can be granted.

22   **D.  Unjust Enrichment**

23       To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly

24   retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*

25   *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust

26

1  enrichment cannot stand when there is an express written contract which guides the activities of the
2  parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187
3  (Nev. 1997).

4         Here, there was a written contract between the parties, namely, the deed of trust and
5  mortgage note. These documents guided the interactions, obligations, and rights of the parties. As
6  such, Sedlmayr cannot make a claim in equity for actions that are guided by a contract to which he
7  is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

8         **E.  Declaratory Relief and Permanent Injunction**

9         Sedlmayr's remaining causes of action for injunctive and declaratory relief are remedies that
10 may be afforded to a party after he has sufficiently established and proven his claims; they are not
11 separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F.
12 Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause
13 of action or independent ground for relief). Here, Sedlmayr's remanded claims fail to establish a
14 claim for relief. Accordingly, Sedlmayr is not entitled to his requested remedies.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1    IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #37) and joinder

2 to the motion to dismiss (Doc. #43) are GRANTED. Defendants Wells Fargo Bank, N.A.;

3 MERSCORP, Inc.; Mortgage Electronic Registration Systems, Inc.; and US Bank National

4 Association, as trustee for Residential Asset Securities Corporation, are DISMISSED as defendants

5 as to the remanded claims: (1) claim 1 for violation of unfair lending practices, NRS 598D.100;

6 (2) claim 10 for civil conspiracy; (3) claim 11 for racketeering activity in violation of Nevada law

7 (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief; and (6) claim 4 for declaratory

8 relief.

9    IT IS FURTHER ORDERED that defendants' motions to dismiss filed prior to the order of

10 remand (Doc. ##11, 16) are DENIED without prejudice.

11    IT IS SO ORDERED.

12    DATED this 7th day of July, 2011.

13

14                                                    _____

                                                      LARRY R. HICKS
15                                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26